[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #107
The plaintiff, Shawn Larrabee, commenced an action against his employer, Sperry Rail, Inc., for personal injuries suffered while working on a railcar in Canada. The defendant is a Connecticut corporation, the plaintiff is a resident of New York State, and the employment took place in Alberta, Canada. Specifically, the plaintiff alleges that his supervisor, Phillip Adams, assaulted him with a chemical substance causing physical injuries.
On February 11, 1999, the defendant filed a supplemental motion to strike after two previous motions to strike on the same issue were granted by this court. The defendant contends that the plaintiff is barred from recovery under the exclusivity provision of the Workers' Compensation Act, General Statutes § 31-284, et seq., and none of the exceptions apply. The plaintiff makes two arguments in response: that the supervisor was the alter ego of the corporation and therefore takes the case outside the area covered by Workers' Compensation and that General Statutes §31-49, which requires the master to provide a safe working environment for his servant and allows for direct tort action against an employer by an employee, is still valid as a remedy even though enacted prior to the Workers' Compensation Act. CT Page 9966
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corporation,240 Conn. 576, 580, 693 A.2d 293 (1997).
"The purpose of the workmen's compensation statute is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability. . . ." Jett v. Dunlap, 179 Conn. 215, 217,425 A.2d 1263 (1979). "This well-established principle is not eroded when the plaintiff alleges an intentional tort by his supervisor." Id. However, "the righteous indignation one feels when one employee deliberately injures another is inadequate justification for awarding a common-law tort remedy against an innocent employer." Id., 219. As for the alter ego exception to the exclusivity provision of the Workers' Compensation Act, "[i]t is inappropriate where the actor is merely a foreman or supervisor." Id. In addition, the distinction is based on identification, not agency." Id. In the present case, the plaintiff alleges that his assailant is his supervisor, "acting as an agent of the defendant." The pleadings provide insufficient facts to show that the supervisor was the alter ego of the defendant corporation and, therefore, this exception does not apply.
General Statutes § 31-49 provides, in relevant part, that "[i]t shall be the duty of the master to exercise reasonable care to provide . . . fit and competent persons as his colaborers and to exercise reasonable care in the appointment or designation of a vice-principal and to appoint as such vice principal a fit and competent person. The default of a vice-principal in the performance of any duty imposed by law on the master shall be the default of the master." In a case similar to the one at bar, where a coworker assaulted the plaintiff, the Connecticut Supreme Court held that General Statutes § 31 49, which "still enjoys vitality where appropriate," does not apply when the case "is clearly within the scope of the Workers' Compensation Act."Perille v. Raybestos-Europe, Inc., 196 Conn. 529, 543,494 A.2d 555 (1985). "Anything short of "genuine intentional injury' CT Page 9967 sustained by the employee and caused by the employer is compensable under the Act." Id., 534.[1] As in Perille, the case before this court unmistakably falls under the Workers' Compensation Act and, therefore, the plaintiff cannot bring a direct tort claim against the defendant under General Statutes § 31-49. See also Phelan v. Bloomfield Board of Education, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 525737 (March 17, 1995, Hale, S.T.R.).
Accordingly, the defendant's supplemental motion to strike is granted.
Stodolink, J.